NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| VICTORIA VALERIO HARRY; HABASSAH DE PAZ VALERIO,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-1803<br><br>Agency Nos.<br>A220-693-346<br>A220-955-366<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2025**

Before: PAEZ, BERZON, and OWENS, Circuit Judges.

Victoria Valerio Harry and her minor daughter Habassah De Paz Valerio, a

derivative applicant for relief from removal (together, "Petitioners"), both natives

and citizens of Honduras, petition for review of the Board of Immigration Appeals'

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("BIA") decision dismissing their appeal from the immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "We review the BIA's legal determinations de novo" and its "factual determinations for substantial evidence." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). As the parties are familiar with the facts, we do not recount them here. We grant the petition as to Petitioners' CAT claim and remand that claim to the BIA. We deny the petition as to the asylum and withholding of removal claims.

1. The BIA affirmed the denial of Petitioners' claim for CAT protection because it determined Petitioners "ha[d] not meaningfully challenged" the IJ's denial of that claim. The BIA's waiver determination is properly before us; Petitioners sought review of their CAT claim in their opening brief, and the Government raised the waiver issue in its answering brief. *See Cal. Chamber of Comm. v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 482 (9th Cir. 2022) ("[W]e have 'discretion to review an issue . . . when it is raised in the appellee's brief.'" (citation omitted)). Further, because Petitioners' brief before the BIA "apprise[d] the BIA of the particular basis for [the CAT] claim," we conclude the BIA erred in finding this claim waived. *Mendoza Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016).

2. The BIA affirmed the denial of Petitioners' asylum and withholding of

removal claims, citing *Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994), for the proposition that its conclusions upon review of the record aligned with those of the IJ. The BIA specifically affirmed the IJ's finding that Petitioners had not shown that the Honduran government was unable or unwilling to protect them from abuse by Valerio Harry's former partner. *See Singh v. Garland*, 97 F.4th 597, 603 (9th Cir. 2024) (stating that, for asylum claims, "[t]he source of the persecution must be the government or forces that the government is unwilling or unable to control" (citation omitted)); *Mesa-Vasquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021) ("A government's inability or refusal to protect against persecution is a core requirement for withholding of removal.").

Substantial evidence supports the BIA's determination. Valerio Harry suffered abuse by a private actor. She did not report the abuse to the Honduran authorities. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017) ("Whether a victim has reported or attempted to report violence or abuse to the authorities is a factor that may be considered, as is credible testimony or documentary evidence explaining why a victim did not report."). She testified that she believed, based on what she had heard from friends, neighbors, and members of her church, that police would not help her if she did not present with visible injuries. However, there is no record evidence supporting her belief. The record thus does not compel the conclusion that the Honduran government would be

unable or unwilling to protect Petitioners from abuse by Valerio Harry's former partner.[1] *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) ("[T]he substantial evidence standard of review is highly deferential to the BIA. Consistent with this level of deference, we may grant a petition only if the petitioner shows that the evidence compels the conclusion that the BIA's decision was incorrect." (citations and internal quotation marks omitted)).

3. Petitioners argue the IJ violated their due process right to impartiality by failing to act as a neutral factfinder. We may not consider this argument because Petitioners failed to exhaust it before the BIA. *See Umana-Escobar*, 69 F.4th at 550 (explaining that administrative exhaustion under 8 U.S.C. § 1252(d)(1) is a claim-processing rule that we "must enforce" when "properly raise[d]" (citation omitted)); *see also Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) (per curiam) (stating that the exhaustion requirement applies to due process claims concerning alleged procedural errors the BIA could have addressed).

**PETITION FOR REVIEW GRANTED IN PART AND DENIED IN PART.**

---

[1] Petitioners also challenge the IJ's findings concerning their proposed particular social group and their ability to avoid harm by relocating within Honduras. We do not reach these issues because Petitioners' failure to establish government inability or unwillingness to control the harm is dispositive.